FILED

2004 Dec-10  PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **PHILLIP EARL,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | **CV-04-BE-0203-E** |
| **v.** | ] | |
| | ] | |
| **MAYFLOWER TRUCKING,** | ] | |
| **INC.,** | ] | |
| | ] | |
| **Defendant.** | | |

## MEMORANDUM OPINION

## I. BACKGROUND INFORMATION

Currently pending before the court is the defendant's motion for sanctions and motion for summary judgment (doc. # 16).  Mayflower's motion for sanctions is primarily based on the plaintiff's alleged failure to sign interrogatory answers and his failure to supplement his responses to interrogatories and request for production.  Defense counsel argues that it has been prejudiced by the plaintiff's repeated failure to provide adequate discovery responses and to comply with the court's discovery orders.

Plaintiff Phillip Earl, an Alabama resident, filed suit in this court on February 2, 2004 seeking $100,000 in damages pursuant to state law negligence and wantonness claims against defendant Mayflower Trucking, Inc.  The court has diversity jurisdiction of this case pursuant to 28 U.S.C. § 1332.  Earl alleges that he was "traveling West on

1

Interstate 40, in the state of Texas . . . when the defendant negligently or wantonly caused or allowed a motor vehicle to collide with a motor vehicle occupied by the plaintiff." According to the plaintiff, he sustained personal injuries and damage to his vehicle as a proximate cause of the defendant's negligent and wanton behavior.

The defendant's motion for summary judgment is also based on discrepancies between the date of the accident alleged in the complaint (February 2, 2002), the date of the accident currently alleged by the plaintiff in his objection to the motion for summary judgment (March 10, 2002), and Earl's inability to substantiate his claims with an accident report. The defendant argues that the plaintiff's confusion about the date of the alleged accident coupled with his inability to produce a police report precludes plaintiff from creating a genuine issue of material fact on the threshold issues of negligence and proximate causation.

In response to Mayflower's motions for sanctions and summary judgment, the court issued a show cause order directing the plaintiff to show cause by November 17, 2004 why the case should not be dismissed for failure to comply with discovery. *See* doc. # 18. On November 22, 2004, approximately two business days **after** the expiration of the November 17, 2004 deadline, plaintiff filed an objection to the motions for sanctions and summary judgment. In responding to the motion for sanctions, plaintiff contends that he fully complied with the defendant's discovery requests on November 1, 2004.[1] However,

_____

[1]*See* doc. # 19.

2

the defendant's reply brief in support of its motion for sanctions disputes this contention

and alleges that plaintiff has not provided it with signed and sworn interrogatory responses

or fully supplemented previous discovery requests.[2]

Similarly, in objecting to the motion for summary judgment, Earl contends that the

accident occurred on March 10, 2002 and that he was injured and his vehicle damaged as

the direct and proximate result of the defendant's negligent and wanton actions.[3]  Plaintiff

concedes that he initially alleged that the accident occurred on February 2, 2002 but

explains the discrepancy as a communication error.[4]  Earl contends that immediately after

the accident he notified Texas law enforcement officials and completed an accident

report.[5]  According to the plaintiff, he did not keep a copy of the accident report but

forwarded the report to his insurance company.

## II. DISCUSSION

### A. Motion for Sanctions

Trial courts have broad discretionary authority to sanction uncooperative litigants.

FED. RULE CIV. P. 37(b)(2)(C).  Rule 37 sanctions are imposed "not only to prevent unfair

prejudice to the litigants [,] but also to insure the integrity of the discovery process," *see*

*e.g., Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982), and are

---

[2]*See* doc. # 22.

[3]*See* doc. # 21.

[4]*Id.*

[5]*Id.*

designed "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metro. Hockey Club Inc.*, 427 U.S. 639, 643 (1976). However, dismissal is a drastic penalty that should be imposed only in extreme circumstances when a plaintiff's recalcitrance is due to wilfulness or bad faith. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).

The court declines the defendant's invitation to dismiss this lawsuit. However, the court is troubled by its repeated involvement in the ongoing discovery dispute between the parties as evidenced by the two orders on motions to compel previously entered in this case. *See* docs. # 12 & 15. Furthermore, the court finds the plaintiff's failure to timely and fully comply with its orders **extremely** troubling. Although not unsympathetic to the plaintiff's contentions that he had trouble obtaining documents from third parties, the plaintiff has the responsibility and obligation to provide defense counsel with signed and sworn interrogatory responses that comply with the standards outlined in Fed. R. Civ. P. 33; to timely respond to and supplement responses to discovery; and to timely respond to all court orders.

The above-referenced failures, although not willful, intentional, or otherwise motivated by bad faith, are grounds for sanctions under Fed. R. Civ. P. 27 and have unavoidably delayed the prosecution of this case and necessitated the diversion of valuable court resources to referee the parties' protracted discovery disputes. Consequently, the

plaintiff will be ordered to pay the reasonable expenses and attorney's fees incurred by defense counsel in filing the motion for sanctions.  The plaintiff will also be ordered to provide defense counsel with signed and sworn interrogatory responses and to timely respond to and supplement all prior discovery requests within fifteen (15) days of the entry of the order that will be entered contemporaneously with this Memorandum Opinion. Failure to do so, without a showing of extenuating circumstances, will risk dismissal for failure to comply with court orders.

### B. Motion for Summary Judgment

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases when no genuine issues of material fact are presented and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The parties' disagreement on each and every fact is not significant; the law requires only that "there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  *See also Celotex v. Catrett,* 477 U.S. 317, 327 (1986).  A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 251-52.  Mere speculation is insufficient to create an issue of fact and defeat a properly-supported motion for summary judgment. *See Ramsey v. Leath*, 706 F.2d 1166, 1169-70 (11th Cir. 1983).

The court has considered the parties' briefs and evidentiary submissions.  Based on its evaluation of the record under the above-referenced standard of review, the court finds

that the existence of several genuine issues of material fact preclude the entry of summary judgment.  The plaintiff's deposition testimony and allegations that he was severely injured on March 10, 2002 as a result of the defendant's negligence and wantonness create genuine issues of material fact for resolution by the jury.  Specifically, the plaintiff's current inability to produce a copy of the accident report, instead of mandating the entry of summary judgment, creates factual questions about the existence of a negligent act that cannot be resolved on a motion for summary judgment.  *See Gordon v. Mobile Greyhound Park,* 592 So.2d 208, 210 (Ala.1991) (holding that summary judgments are generally not appropriate in negligence actions).  Furthermore, the accident report would not definitively resolve those factual issues.  Simply put, the issue of whether plaintiff will ultimately be able to establish the existence of a negligent act or proximate cause are quintessential questions of fact for resolution by the jury.  Accordingly, the defendant's motion for summary judgment is due to be DENIED in its entirety.

A separate order will be entered.

DONE and ORDERED this the 10th day of December, 2004.


KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE